IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THRIVEST SPECIALTY FUNDING, \*
LLC,
              \*
 Plaintiff,
              \*
 v.                    Civil Action No. PX 17-3120
              \*
MICHAEL P. BEASLEY, JR.,
              \*
 Defendant.
              \*
******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address Plaintiff Thrivest Specialty Funding, LLC's motion for default judgment, ECF No. 9. Defendant Michael P. Beasley, Jr. has not filed a response or entered his appearance, and the time for doing so has passed. *See* Loc. R. 105.2.a. On April 13, 2018, the Court GRANTED Plaintiff's motion for default judgment as to damages, but requested supplemental briefing on the question of attorney's fees. For the reasons stated herein, Plaintiff's motion for damages to include requested attorneys' fees is DENIED with leave to file a final supplemental pleading to support requested attorneys' fees.

**I. BACKGROUND**

Plaintiff Thrivest Specialty Funding, LLC ("TSF") is a limited liability company incorporated in Delaware with its principal place of business in Pennsylvania. ECF No. 1 at ¶ 1. Defendant Michael P. Beasley, Junior ("Beasley") is a citizen of California, residing in California. *Id.* at ¶ 2.

On January 7, 2014, Beasley executed a Promissory Note, Loan and Security Agreement, and Pledge and Security Agreement (hereinafter "Loan Documents") in favor of Congressional

1

Bank, as successor-by-merger to American Bank.  ECF No. 1 at ¶ 6; *see also* ECF No. 1-2.  As security for the Loan, Beasley pledged his interest in a deposit account.  ECF No. 1-2 at 14.  All agreements within the Loan Documents included language that allowed Congressional Bank to assign the Note at any time, and that Congressional Bank's assigns could enforce their rights against Beasley.  ECF No. 1 at ¶ 7; *see also* ECF No. 1-2 at 10, 16, 28.

On August 21, 2017, TSF purchased the Loan Documents from Congressional Bank.  ECF No. 1 at ¶ 6; *see also* ECF No. 1-1.  Soon thereafter, TSF notified Beasley via letter of the purchase.  *Id.* at ¶ 9; ECF No. 1-3.  TSF's letter further informed Beasley that TSF required Beasley's notarized signature on an attached Deposit Account Control Agreement ("Control Agreement") to apply the funds in his account to the amounted owed on the Promissory Note.  *Id.* at ¶ 9; *see also* ECF Nos. 1-1, 1-2, 1-3.  Beasley also received notification from Congressional Bank regarding the transfer of his Note and Loan Documents.  *See* ECF No. 1-2 at 25.

After TSF's initial letter to Beasley was ignored, TSF attempted to contact Beasley through his agent and business manager on multiple occasions.  ECF No. 1 at ¶ 10.  In a final attempt to avoid legal action, TSF sent written notice to Beasley on October 5, 2017, again informing him of TSF's purchase of the Loan Documents and status as Congressional Bank's assignee under the Promissory Note.  The notice reminded Beasley of his obligation to execute the Control Agreement so that the Promissory Note could be serviced.  ECF No. 1 at ¶ 11; *see also* ECF No. 1-5.  The October 5, 2017 letter further noted that Beasley's failure to execute the Control Agreement was an "Event of Default," which could trigger the following: (1) acceleration on the entire principal balance, plus accrued interest; (2) an increase in the interest accruing on the principal balance by five percent; and (3) attorneys' fees equaling fifteen percent

of the amount due, plus costs. *Id.* at ¶ 13; *see also* ECF No. 1-5. The October 5 letter gave Beasley through October 12, 2017, to execute the Control Agreement, after which time TSF would initiate a claim against Beasley for the full outstanding amount of the Note. ECF No. 1-5 at 3. Despite the October 5 letter, Beasley failed to execute the Control Agreement or otherwise contact TSF.

TSF filed a claim for breach of contract on October 25, 2017. ECF No. 1. Beasley was validly served on November 10, 2017, at his place of employment in Tarrytown, New York.[1] ECF No. 8. Beasley failed to enter his appearance or otherwise respond, and an Order of Default was entered on December 19, 2017. ECF No. 8. TSF moved for default judgment on December 26, 2017. On April 13, 2018, default judgment was granted, and ordered supplemental briefing regarding the award of attorney's fees, which the Court received on April 27, 2018. ECF No. 11.

## II. DISCUSSION

In general, contractual clauses providing for specific attorney-fees in the event of breach are valid and enforceable. *See Monmouth Meadows Homeowners Assoc., Inc. v. Hamilton*, 416 Md. 325, 333 (2010) (citing *Myers v. Kayhoe*, 391 Md. 188, 207–08 (2006)). The Court must nonetheless "examine the prevailing party's fee request for reasonableness." *Id.* (quoting *Myers*, 391 Md. at 207); *see also Osche v. Henry*, 216 Md. App. 439, 458–60 (Md. App. 2014) ("Above all, a court's duty in fashioning an award pursuant to a contract is to determine the reasonableness of a party's request."). Accordingly, "[a] contractual provision providing for a fee determined by percentage is not per se unenforceable, but it *must* be reasonable and *must* reflect the actual billing arrangement." *Sun Trust Bank v. Goldman*, 201 Md. App. 390, 402

---

[1] Service was effectuated by leaving a copy of the summons and Complaint with a person of suitable age and discretion at Beasley's actual place of business in New York, and mailing the papers to Beasley by first class mail to his actual place of business, marked "Personal & Confidential." *See* ECF No. 6. Service in this manner satisfies New York law, *see* N.Y. CVP § 308, which is honored by this Court under Federal Rule of Civil Procedure 4(e)(1).

(Md. Ct. Spec. Ap. 2011) (emphasis added); *see also Mortgage Investors of Washington v. Citizens Bank & Trust Co. of Maryland*, 278 Md. 505, 509 (1976) (affirming an award less than the attorneys' fees provision in the loan document, which provided for an automatic award of 15% of the outstanding balance at the time of the suit). Further, "[t]he party requesting fees has the burden of providing the court with the necessary information to determine the reasonableness of its request." *Myers*, 391 Md. at 207 (citing *Atlantic v. Ulico*, 380 Md. 285, 316 (2004)). Whether to award the requested fees rests with the sound discretion of the Court. *Id.*

To evaluate the reasonableness of a contractual clause awarding specific attorneys' fees, courts look to the factors set out in Rule 1.5(a) of the Maryland Lawyers' Rules of Professional Conduct. *See Monmouth,* 416 Md. at 336–337. These factors include: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See* Md. R. Prof. Conduct 1.5(a).

Applying these factors to Plaintiff's request, Plaintiff has failed to demonstrate that $29,171.18 is a reasonable fee. Plaintiff represents, without supporting documentation, that Heitner Legal, P.L.L.C. has billed approximately thirty (30) hours of "professional services," and local counsel has incurred approximately nine (9) hours pursuing this matter. *See* ECF No. 11 at ¶ 6; *accord Rauch v. McCall*, 134 Md. App. 624, 639 (2000), *cert. denied*, 362 Md. 625

("[W]ithout such records, the reasonableness, *vel non*, of the fees can be determined only be conjecture or opinion of the attorney seeking the fees and would therefore not be supported by competent evidence."). The Court is hard-pressed to understand how thirty-nine professional hours was necessary to pursue a routine default judgment to enforce a Promissory Note. *See id.* (noting that "[t]his is a contractual dispute that required no novel or difficult questions of law, or any specific level of skill."). Additionally, to the extent that Plaintiff continues to seek fees totaling 39 professional hours, it must submit supporting documentation demonstrating such fees were actually incurred. *See, e.g. Rauch*, 134 Md. App. at 639.

Even if the Court eventually accepts that thirty-nine hours, at counsel's charged fee of $300 per hour, was a reasonable attorney fee, that would only amount to $11,700 — far less than the amount awarded under the Promissory Note. *Id.* Plaintiff nonetheless urges the Court to award the full $29,171.18 because "collection efforts are ongoing" and "attorneys' fee awards in the amount of 15% of the total due under a promissory note are routinely awarded." *Id.*; *but see SunTrust*, 201 Md. App. at 401; *Monmouth*, 416 Md. at 333; *LNV Corp. v. Harrison Family Business, LLC*, 2015 WL 7454044, at *8 (D. Md. Nov. 23, 2015); *Wells Fargo Bank, Nat. Ass'n v. Global Research Serv., LLC*, No. RWT-13-3785, 2015 WL 302828, at *1 (D. Md. Jan. 22, 2015); *Manning v. Mercantanti*, Nos. ELH-11-2964, 12-00195, 2014 WL 1418322, at *2–*3 (D. Md. Apr. 10, 2014). Plaintiff's generalized expectation of possible future expenses does not justify the requested award. Rather, to the extent future expenses are included, those future expenses must be supported by "evidence of fees that will, with certainty, be incurred in addition to those actually incurred at that time . . . consistent with the general rule that costs of collection are not recoverable." *SunTrust*, 201 Md. App. at 406–07;

Because Plaintiff has not provided records to support attorneys' fees *or* estimated future expenses, the Court cannot calculate the appropriate award of attorneys' fees at this juncture. Likewise, because Plaintiff relies in part on amorphous future expenses to support an award far in excess of the hourly earned wage, the Court declines to conclude that $29,171.18 is a reasonable fee. *Accord Flores v. City Certified Building Services*, No. ELH-15-2135, 2016 WL 6780209, at *4 (D. Md. Nov. 16, 2016) ("when entering a default judgment, the Court may make an award of attorney's fees for a lesser amount than the moving party requested."); *see also Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002); *accord* Loc. R. 1(c), Appendix B.

Accordingly, the Court DENIES Plaintiff's request for attorneys' fees, but will entertain one final supplemental submission to support its request. The final supplemental request must be submitted on or before May 30, 2018. In the event Plaintiff does not so file, the denial of attorneys' fees shall stand.

### III. CONCLUSION

Based on the foregoing, it is this 23rd day of May, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for requested attorneys' fees as part of default judgment (ECF No. 11) is DENIED.

2. Plaintiff shall be given a final opportunity to supplement its request for attorneys' fees, consistent with this Memorandum Opinion and Order, by May 30, 2018;

3. The Clerk SHALL TRANSMIT copies of this Order to the Defendant and counsel for Plaintiff.

05/23/2018                                           /s/
Date                                            Paula Xinis
                                                United States District Judge