IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THRIVEST SPECIALTY FUNDING, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PX 17-3120 |
| | * | |
| MICHAEL P. BEASLEY, JR., | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address Plaintiff Thrivest Specialty Funding, LLC's motion for default judgment, ECF No. 9. Defendant Michael P. Beasley, Jr. has not filed a response or entered his appearance, and the time for doing so has passed. *See* Loc. R. 105.2.a. On April 13, 2018, the Court GRANTED Plaintiff's motion for default judgment as to damages, but requested supplemental briefing on the question of attorneys' fees. For the foregoing reasons, Thrivest Specialty Funding, LLC is GRANTED $6,060 in attorneys' fees.

**I.  BACKGROUND**

Plaintiff Thrivest Specialty Funding, LLC ("TSF") is a limited liability company incorporated in Delaware with its principal place of business in Pennsylvania. ECF No. 1 at ¶ 1. Defendant Michael P. Beasley, Junior ("Beasley") is a citizen of California, residing in California. *Id.* at ¶ 2.

On January 7, 2014, Beasley executed a Promissory Note, Loan and Security Agreement, and Pledge and Security Agreement (hereinafter "Loan Documents") in favor of Congressional Bank, as successor-by-merger to American Bank. ECF No. 1 at ¶ 6; *see also* ECF No. 1-2. As

1

security for the Loan, Beasley pledged his interest in a deposit account. ECF No. 1-2 at 14. All agreements within the Loan Documents included language that allowed Congressional Bank to assign the Note at any time, and that Congressional Bank's assigns could enforce their rights against Beasley. ECF No. 1 at ¶ 7; *see also* ECF No. 1-2 at 10, 16, 28.

On August 21, 2017, TSF purchased the Loan Documents from Congressional Bank. ECF No. 1 at ¶ 6; *see also* ECF No. 1-1. Soon thereafter, TSF notified Beasley via letter of the purchase. *Id.* at ¶ 9; ECF No. 1-3. TSF's letter further informed Beasley that TSF required Beasley's notarized signature on an attached Deposit Account Control Agreement ("Control Agreement") to apply the funds in his account to the amounted owed on the Promissory Note. *Id.* at ¶ 9; *see also* ECF Nos. 1-1, 1-2, 1-3. Beasley also received notification from Congressional Bank regarding the transfer of his Note and Loan Documents. *See* ECF No. 1-2 at 25.

After TSF's initial letter to Beasley was ignored, TSF attempted to contact Beasley through his agent and business manager on multiple occasions. ECF No. 1 at ¶ 10. In a final attempt to avoid legal action, TSF sent written notice to Beasley on October 5, 2017, again informing him of TSF's purchase of the Loan Documents and status as Congressional Bank's assignee under the Promissory Note. The notice reminded Beasley of his obligation to execute the Control Agreement so that the Promissory Note could be serviced. ECF No. 1 at ¶ 11; *see also* ECF No. 1-5. The October 5, 2017 letter further noted that Beasley's failure to execute the Control Agreement was an "Event of Default," which could trigger the following: (1) acceleration on the entire principal balance, plus accrued interest; (2) an increase in the interest accruing on the principal balance by five percent; and (3) attorneys' fees equaling fifteen percent of the amount due, plus costs. *Id.* at ¶ 13; *see also* ECF No. 1-5. The October 5 letter gave

Beasley through October 12, 2017, to execute the Control Agreement, after which time TSF would initiate a claim against Beasley for the full outstanding amount of the Note. ECF No. 1-5 at 3. Despite the October 5 letter, Beasley failed to execute the Control Agreement or otherwise contact TSF.

TSF filed a claim for breach of contract on October 25, 2017. ECF No. 1. Beasley was validly served on November 10, 2017, at his place of employment in Tarrytown, New York.[1] ECF No. 8. Beasley failed to enter his appearance or otherwise respond, and an Order of Default was entered on December 19, 2017. ECF No. 8. TSF moved for default judgment on December 26, 2017. On April 13, 2018, default judgment was granted, and ordered supplemental briefing regarding the award of attorney's fees. ECF No. 11. TSF then requested fifteen percent of the total amount due under the contract, or $29,171.18, arguing that such an award was reasonable because counsel had performed approximately 39 hours of work on this matter. Counsel also argued that "attorneys' fee awards in the amount of 15% of the total due under a promissory note are routinely awarded," but did not cite any law within this District to support such an assertion. *Id*. Further, TSF's counsel did not provide any documentation to support the alleged 39 hours of work performed. *See* ECF No. 11.

Accordingly, on May 23, 2018, the Court again denied TSF's motion for attorneys' fees, noting that "[t]he Court is hard-pressed to understand how thirty-nine professional hours was necessary to pursue a routine default judgment to enforce a Promissory Note." *See* ECF No. 12. The Court also referred to a line of cases in which Maryland courts awarded an amount less than that provided by an attorneys' fees contractual clause because the requested sum did not reflect

---

[1] Service was effectuated by leaving a copy of the summons and Complaint with a person of suitable age and discretion at Beasley's actual place of business in New York, and mailing the papers to Beasley by first class mail to his actual place of business, marked "Personal & Confidential." *See* ECF No. 6. Service in this manner satisfies New York law, *see* N.Y. CVP § 308, which is honored by this Court under Federal Rule of Civil Procedure 4(e)(1).

the actual billing agreement and was not reasonable. *See id.*; *see also Monmouth Meadows Homeowners Assoc., Inc. v. Hamilton*, 416 Md. 325, 333 (2010) (citing *Myers v. Kayhoe*, 391 Md. 188, 207–08 (2006)); *Mortgage Investors of Washington v. Citizens Bank & Trust Co. of Maryland*, 278 Md. 505, 509 (1976); *Osche v. Henry*, 216 Md. App. 439, 458–60 (Md. App. 2014); *Sun Trust Bank v. Goldman*, 201 Md. App. 390, 402 (Md. Ct. Spec. Ap. 2011); *LNV Corp. v. Harrison Family Business, LLC*, 2015 WL 7454044, at *8 (D. Md. Nov. 23, 2015); *Wells Fargo Bank, Nat. Ass'n v. Global Research Serv., LLC*, No. RWT-13-3785, 2015 WL 302828, at *1 (D. Md. Jan. 22, 2015); *Manning v. Mercantanti*, Nos. ELH-11-2964, 12-00195, 2014 WL 1418322, at *2–*3 (D. Md. Apr. 10, 2014). The Court thus denied the requested attorneys' fees and permitted TSF, once again, to submit appropriate briefing and documentation necessary to award attorneys' fees. ECF No. 12.

## II. DISCUSSION

As noted in the Court's two previous Opinions, contractual clauses providing for specific attorney-fees in the event of breach are generally valid and enforceable. *See Monmouth Meadows Homeowners Assoc., Inc. v. Hamilton*, 416 Md. 325, 333 (2010) (citing *Myers v. Kayhoe*, 391 Md. 188, 207–08 (2006)). However, the Court is required by law to "examine the prevailing party's fee request for reasonableness." *Id.* (quoting *Myers*, 391 Md. at 207); *see also Osche v. Henry*, 216 Md. App. 439, 458–60 (Md. App. 2014) ("Above all, a court's duty in fashioning an award pursuant to a contract is to determine the reasonableness of a party's request."). "A fee determined by percentage is not per se unenforceable, but it *must* be reasonable and *must* reflect the actual billing arrangement." *Sun Trust Bank v. Goldman*, 201 Md. App. 390, 402 (Md. Ct. Spec. Ap. 2011) (emphasis added); *see also Mortgage Investors of Washington v. Citizens Bank & Trust Co. of Maryland*, 278 Md. 505, 509 (1976) (affirming an

4

award less than the attorneys' fees provision in the loan document, which provided for an automatic award of 15% of the outstanding balance at the time of the suit). "The party requesting fees has the burden of providing the court with the necessary information to determine the reasonableness of its request." *Myers*, 391 Md. at 207 (citing *Atlantic v. Ulico*, 380 Md. 285, 316 (2004)). Whether to award the requested fees rests with the sound discretion of the Court. *Id.*

To evaluate the reasonableness of a contractual clause awarding specific attorneys' fees, courts look to the factors set out in Rule 1.5(a) of the Maryland Lawyers' Rules of Professional Conduct. *See Monmouth,* 416 Md. at 336–337. These factors include: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See* Md. R. Prof. Conduct 1.5(a).

In its latest supplemental filing, TSF argues that the Rule 1.5(a) factors support an award of $10,260 in attorneys' fees, based on counsels' records showing 34.2 total hours spent on this matter, multiplied by a rate of $300.00 per hour. *See* ECF Nos. 13, 13-1, 13-2. TSF's requested rate of $300.00 per hour is reasonable, given counsels' years of experience. *See* ECF No. 13 at ¶ 4(g); Md. R. Prof. Conduct 1.5(a). However, given the protracted history in what should have been a simple case, as well as the quality of the briefing, 34.2 hours is simply not reasonable.

The underlying billing records, for example, reflect counsel collectively having spent 3.5 hours preparing TSF's original motion for default judgment. *See* ECF Nos. 13-1 & 13-2. This motion totaled five (5) pages, inclusive of a two-page affidavit, and did not cite any legal authority. *See* ECF No. 9. The original motion also erroneously urged the court to award "damages" for funds actually sought as attorneys' fees. ECF No. 9 at ¶¶ 5, 6.

TSF's supplemental brief similarly totaled five pages and relied on a single case. *See* ECF No. 11. The supplemental brief also did not provide the Court any independent documentation to support the claimed 39 attorney hours expended on this matter. ECF No. 11. TSF now represents that this supplemental brief itself required three hours of research and drafting. The Court cannot see how three attorney hours were necessary to prepare the supplemental brief. *See* ECF Nos. 13-1 & 13-2. But even if it had, the Court is confounded at how or why the number of claimed attorney hours shrank (from 39 to 34.2) between the submission of that supplemental briefing and the updated motion currently before the court.

As to the relative simplicity of this case, TSF indeed itself recognizes that this "contractual dispute" that "required no novel or difficult question of law," nor did the work performed on this matter "preclude the attorneys from being employed by other clients." ECF No. 11. Aside from the discrete issues stemming from counsel having to justify its requested attorneys' fees, the simplicity of this case justifies far less in time and effort than that which counsel now claims to have expended. *See* ECF Nos. 13-1 & 13-2; *Flores v. City Certified Building Services*, No. ELH-15-2135, 2016 WL 6780209, at *4 (D. Md. Nov. 16, 2016) ("the plaintiff 'must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary.' ") (quoting *Travis v. Prime* Lending, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008));

*see also Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002).

Based on the foregoing, the Court reduces the compensable hours to 20.2 at the hourly rate of $300.00. After reviewing counsel's submission against the backdrop of this simple, uncontested matter that came to conclusion through default judgment, the Court believes 20.2 hours more accurately reflects the work performed that would be necessary and reasonable to bring the matter to conclusion. *See Daly v. Hill*, 790 F.2d 1071, at 1078–79 (4th Cir. 1986) (discretion in determining the amount of a fee award is "appropriate in view of the district court's superior understanding of the litigation."). An award of $6,060 takes into account the substantial amount in controversy, unique time pressures of this case, and number of hours spent attempting to resolve this matter outside of this litigation. *See* ECF Nos. 13-1 & 13-2.

Accordingly, it is this 17th day of July, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for requested attorneys' fees as part of default judgment, ECF No. 1, is GRANTED;

2. An award of $6,060 in attorneys' fees is ORDERED in addition to the previously awarded damages of $194,474.54, *see* ECF No. 10;

3. The Clerk SHALL TRANSMIT copies of this Order to the Defendant and counsel for Plaintiff and CLOSE this case.

| 7/17/2018 | /s/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |